IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR216 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| FREDY M. RINCON, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions: the government's motion to dismiss the forfeiture count, strike the preliminary order of forfeiture, and close the forfeiture case (Filing No. 63); and the Defendant's motion to modify the sentence (Filing No. 64).

*Motion to Dismiss Forfeiture Count*

On September 16, 2009, the Defendant pleaded guilty to Counts I (selling a firearm to a felon) and II (forfeiture of the firearm) of the Indictment. On December 11, 2009, the Court granted the government's motion for a preliminary order of forfeiture filed the previous day. On December 16, 2009, the Defendant was sentenced, and Judgment was entered the following day. On January 20, 2010, the government moved to dismiss Count II, strike the preliminary order of forfeiture, and close the forfeiture case because on January 11, 2010, the ATF informed the government that the firearm will be forfeited administratively.

No authority was presented to the Court indicating that the Court may dismiss a count after the Defendant has pleaded to that count and after Judgment has been entered. The Court is not aware of any such authority. Count II charges that the Defendant must forfeit "any and all" interest in the firearm. Therefore, if the firearm is administratively forfeited, the Defendant will not have "any" remaining interest to forfeit. The motion is denied.

*Motion to Modify Sentence*

The Defendant, who was in a sentencing guideline range of 6-12 months within Zone B, was sentenced to 5 years probation. A special condition of probation is participation in the Home Confinement Program under electronic monitoring for 6 months. The Defendant states that when he was sentenced he was a full-time student at Bellevue University and also a full-time employee. The Defendant argues that he needs a "modification" from the Court to continue both his class and work schedules. The specific conditions of the Defendant's home confinement program, *i.e.*, the hours when the Defendant must be at his residence and the hours when he may be at work or at another authorized location, are matters the Defendant may address with his probation officer. There is nothing in the Judgment and Commitment Order that requires modification to accommodate the Defendant's request if it is approved by the probation officer and the home confinement specialist; and, accordingly, the Defendant's motion is denied.

IT IS ORDERED:

1. The government's motion to dismiss the forfeiture count, strike the preliminary order of forfeiture, and close the forfeiture case (Filing No. 63) is denied; and

2. The Defendant's motion to modify the sentence (Filing No. 64) is denied.

DATED this 2nd day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge